```
FILED
                                    -PS-O-
2008 JUN 19 PM 1:17

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHERRON KIRKWOOD, 06B3331,

          Plaintiff,

   -v-

JOSEPH WILKINSON, z/Sergeant;
GRILLO, Officer/ptlm; J. BILONO, Inv.;
BARILLARI, Officer/ptlm;
Dep. T. TAYLAR; Dep. G. MCCARTHY;
M. NOECKER, Dep; FRANK J. CLARK, D.A.;
GLENN PINCUSS, A.D.A.;
HERBERT GREENMAN Esq.;
MICHAEL D'AMICO, Judge;
and P. MOHN, Dep;

          Defendants.

**DECISION AND ORDER**
08-CV-0248Sc

---

## INTRODUCTION

Plaintiff, Serron Kirkwood, an inmate of the Wyoming Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants, Sgt. Joseph Wilkinson, Officer Grillo, Inv. J. Bilono, Officer Barillari, Dep. T. Taylar, Dep. G. McCarthy, Dep. M. Noecker, D.A. Frank J. Clark, A.D.A. Glenn Pincuss, Herbert Greenman Esq., Judge Michael D'Amico and Dep P Mohn violated his rights in the manner in which he was detained, arrested, and convicted of a

crime. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action. Therefore, plaintiff is granted permission to proceed *in forma pauperis*.

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a); see also *Abbas v. Dixon,* 480 F.3d 636 (2d Cir. 2007).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. See *Larkin v. Savage,* 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson,* 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* --- U.S. ----, 127 S.Ct. 2197, 2200 (2007) (quoting *Bell Atl. Corp. v. Twombly,* --- U.S. ----, ----, 127 S.Ct. 1955, 1959 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957))(further internal quotation marks

omitted); see also *Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*). "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson,* 127 S.Ct. at 2200 (internal quotation marks and citations omitted).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

**Heck Bar**

The Supreme Court has made clear that there is no cause of action under 48 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). The essence of plaintiff's claims is that his house was illegally searched and he was illegally arrested and prosecuted in violation of the Fourth Amendment.

Although plaintiff seeks damages for his claims in addition to his release, the underlying basis of his claims is that he was falsely arrested, maliciously prosecuted and is therefore improperly being detained. The Supreme Court has held that, absent invalidation of the criminal conviction, such a claim does not constitute a cognizable cause of action under § 1983.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, Id, at 484 (1994).

It may be that plaintiff is filing this claim prophylactically, within the statute of limitations for a § 1983 action, in response to Wallace V. Kato, ____ U.S. ____, 127 S.Ct. 1091 (2007) and understands that his case must be dismissed without prejudice as premature until he succeeds in the challenge of his conviction. On the other hand, the detail with which plaintiff has laid out his arrest and prosecution cause the Court to question whether he really intended by this pleading to file a habeas corpus challenge to his conviction pursuant to 28 U.S.C. § 2254. Plaintiff filed the action on the papers provided for filing a § 1983 action, and requested monetary relief. However, if, in fact, plaintiff intended to file a

habeas corpus action, he will have to file again on the appropriate papers to make that clear to the Court.

There are also facts that could potentially state a claim for excessive force on the third attached page to Claim Thirteen, which addresses the alleged inadequate representation of attorney Greenman. Because these facts are so attenuated to the claim, and it is not clear that plaintiff intended to raise them as a separate claim, the Court has not considered them as a separate claim from those affirmatively raised. If plaintiff decides to raise that claim, he will need to do so by filing a separate action, without the claims barred by *Heck* above.

Plaintiff's complaint is dismissed without prejudice to his refiling once he successfully invalidates his conviction.

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: June 16, 2008