UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHERRON KIRKWOOD,

           Plaintiff,

v.

JOSEPH WILKINSON, et al.,

           Defendants.

**Hon. Hugh B. Scott**

08CV248

(CONSENT)

**Order**

      Before the Court is the pro se plaintiff's motion to dismiss this case without prejudice (Docket No. 20) to allow him to exhaust his administrative remedies. On April 26, 2011, the parties filed the consent to proceed before the undersigned as Magistrate Judge (Docket No. 23).

      This is a civil rights action arising from plaintiff's arrest. As previously noted (Docket No. 7, Order of June 7, 2010, at 1), plaintiff is currently suing various law enforcement officers from the Town of Amherst and possibly the Erie County Sheriff's Department (see Docket No. 8, Am. Compl.). He alleges that defendants violated his rights by the manner in which he was searched, arrested, detained, and convicted of various offenses (see Docket No. 7, Order at 1); he also has pending a separate Habeas Corpus proceeding, Kirkwood v. Cuomo, No. 10CV118, challenging his conviction. His Amended Complaint alleges excessive force from his arrest on June 28, 2006 (Docket No. 8). Defendants separately answered (Docket Nos. 14, 15), with defendants filing crossclaims against each other asserting any negligence not caused by plaintiff was caused by the codefendants (Docket No. 14, Wilkinson and Buono Ans. ¶¶ 24-25; Docket No. 15, Grillo and Barillari Am. Ans. ¶ 23).

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may seek voluntary dismissal of his action (absent a stipulation of the parties or seeking dismissal prior to an answer being filed) from the Court only "on terms that the court considers proper."  "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice," id.  The issue under this rule is whether defendants would be unduly prejudiced by the dismissal, if not the motion "should be granted upon such terms and conditions as are fair and just," Harvey Aluminum, Inc. v. American Cyanamid Co., 15 F.R.D. 14, 18 (S.D.N.Y. 1953) (Weinfeld, J.); Wainwright Secur., Inc. v. Wall Street Transcript Cor;., 80 F.R.D. 103, 104 (S.D.N.Y. 1978).  Here, defendants all answered, did not assert counterclaims against plaintiff, and there is no stipulation as to the dismissal.

Given that plaintiff is proceeding pro se, special care has to be considered with his motion, see Haines v. Kerner, 404 U.S. 519 (1972) (per curiam) (pro se litigant's pleadings are to be liberally construed); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  Plaintiff seeks to dismiss this action in order to "fully exhaust administrative remedies" (Docket No. 20, Pl. Aff. ¶ 3) but he fails to state what those remedies are or the necessity to exhaust them.

This action is **not** governed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)[1], which requires a litigating inmate to exhaust his administrative remedies prior to commencing a federal civil rights action regarding **prison conditions**.  While claims of excessive force while in a jail or prison are subject to exhaustion of administrative remedies before commencing a § 1983 action, see Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001), cert. denied, 535 U.S. 992 (2002),

---

[1]The provision states "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

alleged excessive force committed <u>prior to</u> plaintiff being placed in a jail or prison do not require exhaustion since that action is not "with respect to prison conditions". Thus, plaintiff need not exhaust to commence the present action, in which he alleges excessive force during his arrest and prior to being jailed, <u>see</u> <u>Fuller v. Kansas</u>, No. Civ. A.04-2457-CM, 2005 U.S. Dist. LEXIS 18977 (D. Kan. Aug. 8, 2005) (plaintiff's false arrest and false imprisonment claims were not subject to § 1997e(a)'s exhaustion requirement as claims did not pertain to prison conditions or prison life); <u>Chick v. Boulton</u>, No. 05-cv-00052-REB-PAC, 2006 U.S. Dist. LEXIS 12400, at *5-6 (D. Colo. Mar. 7, 2006) (§ 1997e(a) exhaustion not applicable to plaintiff's claims arising from his arrest); <u>Battle v. Whetsel</u>, No. Civ-05-19-HE, 2006 U.S. Dist. LEXIS 95674, at *6 n.4 (W.D. Okla., June 8, 2006) (Couch, Mag. J.) (plaintiff's claims against police officers not subject to § 1997e(a) exhaustion), <u>adopted</u>, 2006 U.S. Dist. LEXIS 48406 (W.D. Okla., July 17, 2006); <u>Pichard v. Smith</u>, No. 2:06-CV-211, 2007 U.S. Dist. LEXIS 5594, at *2-3 (E.D. Tenn. Jan. 23, 2007) (claims arising from plaintiff's arrest do not require exhaustion under § 1997e); <u>see also</u> <u>Felder v. Casey</u>, 487 U.S. 131, 148-49 (1988) (while recognizing Congress enacting the Prison Litigation Reform Act to require exhaustion in one specific class of § 1983 actions, refusing to require exhaustion in another class of § 1983 cases, declining to require a state notice of claim requirement prior to commencing § 1983 action for false arrest and assault). Even if plaintiff alleges that this force continued while in jail, he is no longer there and any attempt to exhaust whatever administrative relief there would be futile.

  The next issue is whether to dismiss this action on plaintiff's request in any event. Plaintiff seeks dismissal without prejudice. The focus of Rule 41(a)(2) is upon the prejudice to the defendants and not to the plaintiff. Dismissal (even if not required) does not prejudice

defendants here. The only defense claims affected by that dismissal would be their crossclaims against each other, which presumed the existence of plaintiff's claims. If plaintiff still wishes to dismiss this action, that wish is to be respected. If plaintiff later concludes (as discussed above) that no administrative relief exhaustion is required here, he can seek to recommence this action.

Thus, plaintiff's motion to dismiss without prejudice is **granted**. The Court Clerk is directed to take steps to close this case.

So Ordered.

                                            */s/ Hugh B. Scott*
                                            Honorable Hugh B. Scott
                                            United States Magistrate Judge

Dated: Buffalo, New York
        May 13, 2011